UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

            Plaintiff,                              Case No. 21-cr-20719

v.                                       HON. MARK A. GOLDSMITH

ANTONIO A. SAUNDERS,

            Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR A BILL OF PARTICULARS (Dkt. 32)

This matter is before the Court on Defendant Antonio Saunders's motion for a bill of particulars as to count one of the superseding indictment, which charges Saunders with conspiracy to possess with intent to distribute and to distribute a controlled substance (Dkt. 32). For the reasons set forth below, the Court grants in part and denies in part the motion.[1] The Court grants Saunders's request for the disclosure of the name(s) of his alleged conspirator(s). It denies his request for further particularization as to the scope of the alleged conspiracy, the nature of the agreement, and the acts he committed in furtherance of the agreement.

## I. BACKGROUND

Saunders is charged in a four-count superseding indictment with (i) conspiracy to possess with intent to distribute and to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 846; (ii) possession with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1); (iii) felon in

---

[1] In addition to the motion, the briefing includes the Government's response (Dkt. 33) and Saunders's reply (Dkt. 37). The Court held a hearing on the motion on October 28, 2022.

possession, in violation of 18 U.S.C. § 922(g); and (iv) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  Superseding Indictment (Dkt. 28).

According to the Government, on October 20, 2021, detectives approached Saunders at the Detroit bus station and asked to see his bus ticket and identification.  Resp. at 3–4.  Saunders provided his Pennsylvania identification card and his bus ticket from Detroit to Pittsburgh.  Id. at 4.  The detectives asked Saunders if a dog could sniff his luggage, and Saunders agreed.  Id.  When the dog "alerted" to the apparent presence of narcotics, the detectives searched Saunders's luggage, in which they found what they identified as fentanyl and two handguns.  Id.

## II. STANDARD OF DECISION

Under Federal Rule of Criminal Procedure 7(c)(1), an indictment must include a "plain, concise, and definite written statement of the essential facts constituting the offense charged."  Fed. R. Crim. P. 7(c)(1).  An indictment is sufficient if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which [he or she] must defend, and, second, enables [the defendant] to plead an acquittal or conviction in bar of future prosecutions for the same offense."  Hamling v. United States, 418 U.S. 87, 117 (1974).

Although an indictment may be legally sufficient for purposes of Rule 7(c) and Hamling, it may nonetheless fail to provide enough detail to enable a defendant to meaningfully prepare for trial.  See United States v. Kestner, No. 3:19-cr-00095-4, 2022 WL 526487, at *3 (M.D. Tenn. Feb. 22, 2022) (explaining that "[w]hether to order a bill of particulars raises a somewhat different question than whether the indictment is legally sufficient") (punctuation modified).  "A bill of particulars is the proper remedy where an indictment properly charges each of the essential elements of the offense, but does not inform the accused with sufficient particularity as to what

[they] will have to defend against at trial." United States v. Griesbeck, No. 10–20108–BC, 2011 WL 528579, at *4 (E.D. Mich. Feb. 8, 2011).

Under Federal Rule of Criminal Procedure 7(f), a court may direct the Government to file a bill of particulars. Fed. R. Crim. P. 7(f). "The purpose of a bill of particulars is to give a defendant key factual information not contained in the indictment, so as to enable him or her to prepare a defense and avoid surprise at trial." United States v. Page, 575 F. App'x 641, 643 (6th Cir. 2014). The United States Court of Appeals for the Sixth Circuit has stated that, therefore, "the test in ruling on a motion for a bill of particulars is whether providing such details is necessary to the preparation of the defense and avoidance of prejudicial surprise." United States v. Musick, 291 F. App'x 706, 724 (6th Cir. 2008).

A bill of particulars is "not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993). "This is particularly true in a conspiracy case in which the Government is not required to disclose all overt acts alleged to have occurred in furtherance of the conspiracy." United States v. Hayes, 1989 WL 105938, at *3 (6th Cir. 1989). It is also not intended as a means for the defendant to learn the Government's theory of the case. Musick, 291 F. App'x at 724. The decision to grant or deny a motion for a bill of particulars lies within the sound discretion of the trial court. United States v. Rey, 923 F.2d 1217, 1222 (6th Cir. 1991).

When the Government provides the defendant a bill of particulars, it "is strictly limited to the particulars which it has specified, i.e., the bill limits the scope of the government's proof at the trial." United States v. Haskins, 345 F.2d 111, 114 (6th Cir. 1965). The Sixth Circuit has, therefore, instructed that courts should "balance the defendant's need for the information against

the effect of narrowing the Government's scope of proof." United States v. Martin, 1987 WL

38036 at *2 (6th Cir. 1987).

### III. ANALYSIS

Count one of the superseding indictment alleges the following:

> On October 20, 2021, in the Eastern District of Michigan, and elsewhere, Antonio
> A. Saunders did knowingly and intentionally combine, conspire, confederate, and
> agree with other persons whose names are both known and unknown to the Grand
> Jury, to possess with intent to distribute and to distribute [fentanyl].

Superseding Indictment at 1–2.  Saunders asserts that the complaint, indictment, and discovery do

not offer any information about who the conspirators are, the scope of the conspiracy, or what

Saunders did in furtherance of the agreement.  Mot. at 4.  He contends that, without this

information, he cannot adequately prepare a defense to the conspiracy charge.  Id. at 5.  He also

states that the lack of information will lead to unfair surprise at trial, as he cannot anticipate what

evidence the Government will present regarding the location, timeframe, or individuals involved

in the alleged conspiracy.  Reply at 5.  Saunders seeks "information about the scope of the alleged

conspiracy, with whom (i.e., the names and identities) he allegedly conspired, the nature of the

agreement, and what [he] agreed to do in furtherance of the agreement."  Mot. at 5–6.

In deciding a motion for a bill of particulars, courts consider "the complexity of the charges,

the clarity of the indictment, and the degree of discovery available to the defense absent a bill of

particulars."  United States v. McQuarrie, No. 16-cr-20499, 2018 WL 372702, at *5 (E.D. Mich.

Jan. 11, 2018).  The Court finds that these factors justify the disclosure of the name(s) of

Saunders's alleged conspirator(s).

The superseding indictment does not provide any specific facts about Saunders's alleged

agreement to possess with intent to distribute and to distribute a controlled substance.  See United

States v. Dempsey, 733 F.2d 392, 394 (6th Cir. 1984) (approving a bill of particulars specifying

the names of all unindicted conspirators allegedly involved in a narcotics conspiracy when the indictment was "bare bones"); United States v. Ingersoll, No. 14–cr–20216, 2014 WL 5420222, at *5 (E.D. Mich. Oct. 22, 2014) (noting, in granting the defendant's motion for a bill of particulars, that "[a]lthough the Superseding Indictment is legally sufficient, it is nonetheless generic and lacks factual specificity").  Further, Saunders maintains that none of the very limited discovery that he has been provided reveals the name(s) of the individual(s) with whom he allegedly made this agreement.  See United States v. Gonzalez, No. 207-CR-071-JDH-2, 2007 WL 1245884, at *3 (S.D. Ohio Apr. 27, 2007) (noting that it is generally "not essential" for an indictment to inform an alleged conspirator of the identities of the other conspirators, but nonetheless directing the Government to provide the identities of all known, unindicted conspirators because there was no "definitive indication" that the defendant had received this information through discovery, and such information was necessary to adequately prepare a defense).

In addition, the Government does not raise any concerns that disclosing the name(s) of Saunders's alleged conspirator(s) would be detrimental to an alleged conspirator's safety or result in witness tampering or the destruction of evidence.  See United States v. Mariani, 90 F. Supp. 2d 574, 592 (M.D. Pa. 2000) (considering, in ordering the disclosure of the identity of conspirators— whom the indictment referred to only ambiguously—the fact that the Government did not put forth "any countervailing consideration, such as concerns for the security of those identified or witness tampering, sufficient to overcome [defendant's] demonstration of need for this information").

As the Government notes, the Sixth Circuit has held that "it is not essential that a conspirator know all other conspirators," given that "[a] defendant may be indicted and convicted despite the names of his co-conspirators remaining unknown, as long as the government presents evidence to establish an agreement between two or more persons, a prerequisite to obtaining a conspiracy

conviction." <u>Rey</u>, 923 F.2d at 1222.  But this holding does not mean that the identity of an alleged conspirator will never be necessary for the preparation of a defense and the avoidance of prejudicial surprise.  Courts inside and outside the Sixth Circuit have found that it is appropriate to order the disclosure of known, unindicted conspirators in circumstances similar to those here— namely, where there is a generic indictment, limited discovery, and the absence of counterbalancing concerns.  <u>See, e.g.</u>, <u>Dempsey</u>, 733 F.2d at 394; <u>United States v. Korbe</u>, No. 02:09-cr-0005, 2010 WL 2404384, at *4 (W.D. Pa. June 10, 2010); <u>Gonzalez</u>, 2007 WL 1245884, at *3 (S.D. Ohio Apr. 27, 2007); <u>see also</u> <u>Kestner</u>, 2022 WL 526487, at *7 (explaining that, in appropriate circumstances, it is not an abuse of discretion to grant a motion for a bill of particulars providing the names of conspirators); <u>United States v. Reid</u>, No. 07-110, 2008 WL 11414538, at *2 (E.D. Ky. Feb. 26, 2008). (noting that "the question is whether the specific context presented requires further particularization").

To establish a drug conspiracy under 21 U.S.C. § 846, the Government must show that two or more individuals have agreed to violate a drug law and that the defendant knowingly and voluntarily entered into this agreement.  <u>United States v. Wheat</u>, 988 F.3d 299, 306 (6th Cir. 2021). At a minimum, Saunders is entitled to know with whom the Government contends he made an agreement to violate drug laws.  And disclosing the name(s) of Saunders's alleged conspirator(s) would not unduly narrow the Government's scope of proof in advance of trial.  Therefore, the Court grants Saunders's request that the Government provide him the name(s) of his alleged conspirator(s).

However, the Court denies Saunders's request for additional particularization as to the scope of the alleged conspiracy, the nature of the agreement, and what Saunders agreed to do in furtherance of the agreement.  This would require the disclosure of information that would force

6

the Government to commit prematurely to a particular trial strategy.  See United States v. Stone, No. 10-20123, 2011 WL 4708783, at *5 (E.D. Mich. Oct. 11, 2011) (stating that "a defendant is not entitled to compel the government to describe in detail the manner in which the crime was committed, thereby forcing the prosecution to fix irrevocably the parameters of its case in advance of trial") (punctuation modified); Reid, 2008 WL 11414538, at *2 (stating that the disclosure of factual details of the Government's expected proof, such as exact acts underlying a conspiracy charge, "can only serve to limit the [government's] proof at trial") (punctuation modified).  The location and date specified in the indictment, in addition to the name(s) of his alleged conspirator(s), are sufficient to enable Saunders to prepare a defense and avoid prejudicial surprise.

## IV. CONCLUSION

For the reasons stated above, the Court grants in part and denies in part Saunders's motion for a bill of particulars (Dkt. 32).  The Government must furnish to Saunders the name(s) of the alleged conspirator(s) within seven days.

SO ORDERED.

Dated: November 23, 2022                    s/Mark A. Goldsmith
       Detroit, Michigan                    MARK A. GOLDSMITH
                                            United States District Judge